UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------X
VINCENT DALTON,

           Plaintiff,

  -against-

SGT. RONALD HANSON,
C.O. JONATHAN SOUZA,
C.O. JAMES G. WILLIAMS, JR.,
C.O. JACOB CLIPPINGER,
C.O. ERIC FLETCHER and
NURSE NICOLE L. RUSSO,

           Defendants.
---------------------------------X

**COMPLAINT**   9:25-cv-646   ECC/TWD

Plaintiff Demands a
Trial by Jury

Plaintiff, by his attorneys Sivin, Miller & Roche LLP, complaining of Defendants, alleges as follows, upon information and belief:

## THE PARTIES AND JURISDICTION

1. That at all times herein mentioned, Plaintiff was and is a citizen of the State of New York.

2. That at all times herein mentioned, Plaintiff was an incarcerated individual (I/I) in the care, custody, and control of the New York State Department of Corrections and Community Supervision (DOCCS).

3. That at all times herein mentioned, Plaintiff was housed at Great Meadow Correctional Facility, in Comstock, NY.

4. That at all times herein mentioned, Defendant Sgt. Ronald Hanson (Hanson) was a correction sergeant employed by DOCCS at Great Meadow.

5. That at all times herein mentioned, Hanson was acting within the course and scope of his employment as a DOCCS correction sergeant.

6. That at all times herein mentioned, Hanson was acting under color of state law.

7. That at all times herein mentioned, Defendant C.O. Jonathan Souza (Souza) was a correction officer employed by DOCCS at Great Meadow.

8. That at all times herein mentioned, Souza was acting within the course and scope of his employment as a DOCCS correction officer.

9. That at all times herein mentioned, Souza was acting under color of state law.

10. That at all times herein mentioned, Defendant C.O. James G. Williams, Jr. (Williams) was a correction officer employed by DOCCS at Great Meadow.

11. That at all times herein mentioned, Williams was acting within the course and scope of his employment as a DOCCS correction officer.

12. That at all times herein mentioned, Williams was acting under color of state law.

13. That at all times herein mentioned, Defendant C.O. Jacob Clippinger (Clippinger) was a correction officer employed by DOCCS at Great Meadow.

14. That at all times herein mentioned, Clippinger was acting within the course and scope of his employment as a DOCCS correction officer.

15. That at all times herein mentioned, Clippinger was acting under color of state law.

16. That at all times herein mentioned, Defendant C.O. Eric Fletcher (Fletcher) was a correction officer employed by DOCCS at Great Meadow.

17. That at all times herein mentioned, Fletcher was acting within the course and scope of his employment as a DOCCS correction officer.

18. That at all times herein mentioned, Fletcher was acting under color of state law.

19. That at all times herein mentioned, Nurse Nicole L. Russo (Russo) was a nurse employed by DOCCS at Great Meadow.

20. That at all times herein mentioned, Russo was acting within the course and scope of her employment as a DOCCS nurse.

21. That at all times herein mentioned, Russo was acting under color of state law.

22. That this Court has jurisdiction over this action in that the action arises under 42 U.S.C. § 1983 and alleges violations of Plaintiff's civil rights, including rights guaranteed under the Eighth Amendment to the United States Constitution.

23. That venue is proper in the Northern District of New York, which is where the events underlying this lawsuit occurred.

## THE FACTS

24. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

25. On June 5, 2022, Plaintiff was being escorted by Hanson, Souza, Williams, Clippinger, and Fletcher to a medical unit at Great Meadow, following what staff at Great Meadow determined was an attempt at suicide by Plaintiff.

26. Plaintiff was on a stretcher during the escort, restrained in handcuffs and leg shackles.

27. During the course of the escort, in response to what he perceived to be a derogatory and insulting comment by one of the escorting officers, Plaintiff spat at the officer.

28. Immediately thereafter, the escorting staff used force against Plaintiff.

29. As the escorting staff used force against Plaintiff, Plaintiff screamed out loudly.

30. Nurse Russo was present during the aforementioned escort, observed Plaintiff spit at the officer, observed the escorting staff respond, and heard Plaintiff scream out loudly.

31. The escorting staff then continued with their escort of Plaintiff, bringing him to the medical unit on the stretcher, still in full restraints.

32. Russo followed the escorting staff to the medical unit.

33. After arriving at the medical unit, the escorting staff, including but not limited to Hanson, Souza, Williams, Clippinger, and Fletcher, acting jointly and in concert with each other, brutally beat Plaintiff.

34. The beating of Plaintiff included, but was not limited to, Defendants punching and kicking Plaintiff multiple times and forcing a plastic bag over Plaintiff's head to obstruct his breathing.

35. During the course of the beating, Plaintiff again screamed out loudly.

36. Nurse Russo heard Plaintiff screaming loudly during the course of the beating.

37. Nurse Russo was present during all or part of the beating.

38. Each of the Defendants had multiple, reasonable opportunities to intervene to prevent and/or stop the beating of Plaintiff by fellow staff members, and each Defendant deliberately failed and refused to intervene.

39. Immediately following the beating, Plaintiff was examined by Russo.

40. At the time of Russo's examination, Plaintiff was suffering from multiple injuries, including but not limited to multiple fractured ribs and a hemopneumothorax , as a consequence of the use of force against him during the escort.

41. During the course of Russo's examination, Plaintiff complained of severe pain, and exhibited signs and symptoms of severe injuries.

42. Despite Plaintiff's complaining of pain and exhibiting signs and symptoms of severe injuries, and despite Russo that Plaintiff had just been involved in a use-of-force incident with the staff at Great Meadow, Russo generated an "Incarcerated Individual Injury Report" in which she knowingly and falsely documented that Plaintiff exhibited no signs or symptoms of trauma, and that he required no medical treatment.

43. Russo also failed and refused to offer or render any additional medical assistance to Plaintiff beyond her cursory examination of Plaintiff.

44. Russo also falsely documented in the Report that Plaintiff reported to her that he "fell," when Russo knew that Plaintiff had reported no such thing, and that Plaintiff had just been involved in a use-of-force incident with correction officers.

45. Following Russo's examination of Plaintiff, Hanson directed that Plaintiff be returned to a cell, and that he be denied any further medical evaluation or treatment.

46. For the next approximately fifteen hours, Plaintiff remained in his cell in severe pain and with difficulty breathing, yet received no medical care or treatment or any other palliative care.

47. Approximately twenty hours after the aforementioned use-of-force incident, Plaintiff finally was taken to an outside hospital in severe respiratory distress.

48. Thereafter, Plaintiff remained hospitalized for approximately two weeks, where he underwent various medical and surgical procedures to address the multiple injuries he sustained on June 5, 2022.

49. The aforementioned actions by Defendants were sadistic and malicious, served no legitimate penological interest, and were not undertaken in a good-faith attempt to maintain or restore order.

50. The aforementioned actions by Hanson and Russo constituted a deliberate indifference to Plaintiff's serious medical needs, and resulted in an unnecessary and wanton infliction of pain.

51. As a result of the aforementioned actions by Defendants, Plaintiff sustained severe and permanent physical, emotional, and psychological injuries, endured and will continue to endure pain and suffering and loss of enjoyment of life, and has been otherwise damaged.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. § 1983: Eighth Amendment: Use of Excessive Force)**

52. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

53. The aforementioned acts by Hanson, Souza, Williams, Clippinger, and Fletcher constituted a sadistic and malicious use of excessive force, in violation of rights guaranteed to Plaintiff under the Eighth Amendment to the U.S. Constitution to be free from cruel and unusual punishment.

54. That as a result thereof, Plaintiff is entitled to recover damages from these Defendants pursuant to 42 U.S.C. § 1983.

## SECOND CAUSE OF ACTION
**(42 U.S.C. § 1983: Eighth Amendment: Failure to Intervene)**

55. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

56. The aforementioned acts by Hanson, Souza, Williams, Clippinger, Fletcher, and Russo in intentionally and deliberately failing and refusing to intervene to prevent and/or stop the illegal conduct of their fellow staff members constituted a violation of rights guaranteed to Plaintiff under the Eighth Amendment to the U.S. Constitution to be free from cruel and unusual punishment.

57. That as a result thereof, Plaintiff is entitled to recover damages from these Defendants pursuant to 42 U.S.C. § 1983.

## THIRD CAUSE OF ACTION
**(42 U.S.C. § 1983: Eighth Amendment: Deliberate Indifference To Serious Medical Needs)**

58. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

59. The aforementioned acts by Hanson and Russo constituted a deliberate indifference to Plaintiff's serious medical needs, and a violation of rights guaranteed to Plaintiff under the Eighth Amendment to the U.S. Constitution to be free from cruel and unusual punishment.

60. That as a result thereof, Plaintiff is entitled to recover damages from these Defendants pursuant to 42 U.S.C. § 1983.

WHEREFORE, Plaintiff seeks judgment on the aforementioned causes of action against Defendants for compensatory damages and punitive damages in amounts to be determined by the trier of fact, and Plaintiff also seeks attorney's fees against Defendants

pursuant to 42 U.S.C. § 1988, and Plaintiff seeks interest, costs, and disbursements of this action.

Dated:  New York, New York
        May 20, 2025

                                                Yours, etc.
                                                Sivin, Miller & Roche LLP

                                                By s/ *David Roche*
                                                David Roche
                                                Bar Roll No. 702058
                                                Attorneys for Plaintiff
                                                20 Vesey St., Suite 1400
                                                New York, NY  10007
                                                (212) 349-0300